UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENE EDWARD SCOTT, II,             )<br>                                                        )<br>        Plaintiff,                              )<br>                                                        )<br>    v.                                              )<br>                                                        )<br>                                                        )<br>FEDERAL TRADE COMMISSION *et al*., )<br>                                                        )<br>        Defendants.                          ) | Civil Action No.  24-3580 (UNA) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, brings this action against two federal defendants, Federal Trade Commission (FTC) and Food and Drug Administration (FDA), and a private defendant listed only as "ICAP."  Compl. Caption, ECF No. 1.  Plaintiff seeks leave to proceed *in forma pauperis* (IFP).  For the following reasons, the Court grants the IFP motion and dismisses the case.

Plaintiff is a resident of Tempe, Arizona, who, to the extent intelligible, "plans legal business . . . is age 57 years[,] is sane [and] never abuses."  Compl. at 4 (Statement of Claim).  As relief, Plaintiff seeks "to be immune from" his "liquor [and] marijuana use[.]"  *Id*.

"Federal courts are courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted).  The United States and U.S. agencies are immune from suit save "clear congressional consent," *United States v. Mitchell*, 445 U.S. 535, 538 (1980), which "must be unequivocally expressed in statutory text."  *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cleaned up).  A party seeking relief in the district

court must plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

Plaintiff has pleaded nothing to overcome the U.S. defendants' immunity from suit, and his vague references to "Article III's Sections (1 and 2)" and "Federal Rules of Civil Procedures' Rule 56(a)(b)," Compl. at 3, do not establish a basis for exercising jurisdiction over "ICAP." Regardless, a "complaint may be dismissed on jurisdictional grounds when," as here, it is 'patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). Consequently, this case will be dismissed by separate order.

Date: March 25, 2025

_____/s/_____
CHRISTOPHER R. COOPER
United States District Judge